# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | | |
|---|---|---|
| **William Kana** | ) | |
| | ) | |
| **Plaintiff,** | ) | Civil Action No.: 2:04-21947-CWH |
| vs. | ) | |
| | ) | |
| **United States of America** | ) | |
| | ) | **ORDER** |
| **Defendant.** | ) | |
| | ) | |
| **Kristopher Ross Baker** | ) | |
| | ) | |
| **Plaintiff,** | ) | Civil Action No.: 2:04-21946-CWH |
| | ) | |
| vs. | ) | |
| | ) | |
| **United States of America** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

This matter is before the Court on the government's Rule 12(b)(1) motion to dismiss for the lack of subject matter jurisdiction. The dispute arises over Marine Captain Michael Arpaio's ("Arpaio") alleged sexual abuse on the plaintiffs while the plaintiffs were allegedly under the care of the government and on government property. The government contends that the statute of limitations has expired on the plaintiffs' negligence and premise liability claims brought under the Federal Tort Claims Act (FTCA).

## Procedural History

On August 20, 2004, the plaintiffs commenced these actions. On July 14, 2005, the government filed a motion to dismiss for the lack of subject matter jurisdiction. In its motion, the government alleged that the plaintiffs had violated the statute of limitations set forth in 28 U.S.C. § 2401(b) by not filing their claims within two years after accrual.

On August 19, 2005, the Court determined that compliance with the statute of limitations affected its jurisdiction and ordered the parties to conduct discovery solely on the limitations issue to present at an evidentiary hearing.  See Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982).  The Court allowed the parties sixty days to conduct discovery.  The plaintiffs requested that the Court extend the discovery deadline to January 31, 2006, and the Court granted this request.  The parties filed supplemental briefs on February 8, 2006.  On March 7, 2006, the Court heard the parties' arguments.  On March 9, 2006, the plaintiffs filed additional briefs.  On March 20, 2006, the government responded.

After reviewing the exhibits, the evidence presented, and the briefs submitted by the parties, the Court makes the following Findings of Fact and Conclusions of Law pursuant to Rule 52 of the Federal Rules of Civil Procedure:

**Findings of Facts**

1.  In the summer of 1998, the plaintiffs William Kana ("Kana") and Ross Baker ("Baker") attended the Citadel Summer Camp in Charleston, South Carolina.  Baker was born on October 2, 1984, and Kana was born on January 8, 1985.  Arpaio was a counselor and recruiter at this summer camp.

2.  During the camp, Arpaio repeatedly initiated inappropriate physical contact with the plaintiffs and other campers by wrestling with them, grabbing their genitals, massaging their arms, legs, and groin areas after sports activities.

3.  Over the course of the next few years, Arpaio initiated increasingly sexual contact with the plaintiffs.

4.  During the summer of 1999, Kana lived with Arpaio in his apartment located in

Emerald Isle, North Carolina. Another Marine officer lived in this apartment. Arpaio provided alcohol and drugs to Kana. Kana drank alcohol almost daily. Kana alleges that during this stay, Arpaio inserted a test tube into his anus. Kana testified that after this encounter, he experienced bowel irregularities. In addition, Arpaio and Kana slept in the same bed. Kana testified that he went to bed with his clothes on, but that he often awoke naked and in other parts of the apartment.

     5. When Kana returned home, he immediately started performing poorly in school and contemplated dropping out. In addition, Kana began using drugs and considered moving out of his parents' home.

     6. Kana's parents noticed the change in Kana's behavior and decided to send Kana to numerous health care professionals. Kana visited the following professionals: Dr. Cecil Reynolds on June 21, 2000, Dr. L.R. Frame on July 6, 2000, Dr. Susan Stone on July 12, 2000, and Dr. Robert White on July 21, 2000. Kana did not tell any of these professionals about Arpaio's behavior.

     7. Kana understood, while he lived with Arpaio at Emerald Isle, that if he told his parents or anyone in authority about Arpaio's conduct, Arpaio would be in trouble. Kana understood when he lived with Arpaio that Arpaio's conduct during the summer was wrong and illegal.

     8. On June 29, 2001, Baker visited Arpaio's sister's apartment in Daniel Island, South Carolina. Baker alleges that during this visit, Arpaio inserted either his fingers or penis into Baker's anus. When Baker attempted to pull away, Arpaio forced Baker down. Baker testified that immediately following this interaction at the Daniel Island apartment, he was extremely

embarrassed and became frightened of Arpaio. Baker also testified that he knew at the time of the interaction that Arpaio's conduct was wrong and illegal.

9. In April 2002, the plaintiffs conferred with each other about their experiences with Arpaio. In May 2002, Dr. Doyle, a psychologist, interviewed the plaintiffs. Dr. Doyle testified that the plaintiffs did not understand that Arpaio's conduct had caused their problems in school and at home until the plaintiffs' met with her. Consequently, the plaintiffs allege that the claims did not accrue until the consultations with Dr. Doyle.

10. On July 17, 2003, the plaintiffs presented their claims to the US Navy, which is responsible for handling claims alleged against the Marine Corps.

## Conclusions of law

A. 28 U.S.C. § 2401(b) waives the government's sovereign immunity but bars any tort claim against the government under the FTCA unless the claim is presented to the appropriate federal agency within two years after such claim accrues. United States v. Kubrick, 444 U.S. 111, 113 (1979).

B. Unless Congress provides otherwise in a waiver of sovereign immunity, a rebuttable presumption of equitable tolling applies to suits against the government. Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 95-96 (1990). However, Federal Courts "are less forgiving where a claimant has failed to exercise due diligence in preserving his legal rights." Id. A claimant's minority does not toll the statute of limitations set forth in section 2401(b). In re Mckewin v. United States, 7 F.3d 224 (4th Cir. 1993)(unpublished disposition).

C. The plaintiffs have not alleged that the statute of limitations should be equitably tolled. The plaintiffs presented their claims on July 17, 2003. As a result, claims accruing prior

to July 17, 2001, are barred under section 2401(b).

    D.  The plaintiffs' causes of action against the government rest on the emotional distress caused by Arpaio's sexual abuse against them.  A tort claim accrues when a plaintiff possesses sufficient facts about the harm done to him so that a reasonable inquiry would have revealed a cause of action.  Lekas v. United Airlines, Inc., 282 F.3d 296, 300 (4th Cir. 2002).  Knowledge of an injury and knowledge of the cause of an injury allow a plaintiff to protect his rights by inquiring whether the injury was inflicted negligently.  In re Kerstetter v. United States, 57 F.3d 362, 365 (4th Cir. 1995).  For a claim to accrue, the plaintiff does not need to know the full extent of his injury.  K.E.S. v. United States, 38 F.3d 1027, 1030 (8th Cir. 1994).

    Normally, the commission of a tort places a plaintiff on notice that he has been injured.  United States v. Kubrick, 444 U.S. 111, 125 (1979)(Stevens, J., dissenting).  The application of this rule includes tort claims for emotional distress.  See Grooms v. Medical Society of South Carolina, 380 S.E.2d 855, 857-858 (S.C. Ct. App. 1989).

    Arpaio's sexual abuse of the plaintiffs placed them on notice that their rights had been violated and that they had suffered an injury.  The plaintiffs understood that Arpaio's actions were wrong, and the plaintiffs were armed with facts which, upon a reasonable inquiry, would have revealed a cause of action against Arpaio.

    E.  Unless the government conceals it potential liability for a claim, accrual of a claim is not tolled until a plaintiff discovers that the government may be liable for the alleged injury.  Gould v. US Dep't of Health and Human Services, 905 F.2d 738, 743-745 (4th Cir. 1990).  The plaintiffs knew that the Marine Corps employed Arpaio when the alleged injuries occurred.  Consequently, the plaintiffs' claims accrued against the government when their claims would

have accrued against Arpaio.

F.  Arpaio's latest and most severe sexual abuse against Kana took place while Kana lived with Arpaio in Emerald Isle during the summer of 1999.  Kana's claims accrued no later than July 22, 1999.[1]

Arpaio's most severe sexual abuse against Baker occurred on June 29, 2001, at Daniel Island, and Baker's claim accrued no later than this date.  Both plaintiffs filed administrative claims with the Navy on July 17, 2003, more than two years after the claims had accrued.  As a result, under 28 U.S.C. § 2401(b), these actions are dismissed as untimely.

**AND IT IS SO ORDERED**.

_____
March 30, 2006                                          **C. WESTON HOUCK**
Charleston, South Carolina                        **UNITED STATES DISTRICT JUDGE**

---

[1]  This is the date Kana left Emerald Isle.